[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10266
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2011
JOHN LEY
CLERK

D.C. Docket No.  1:10-cr-00364-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE B. FLOWERS, II,
a.k.a. Billytheclub,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 23, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Charlie Flowers appeals his 240-month sentence for

distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  At

sentencing, the district court calculated an advisory guidelines range of 235 to 293 months' imprisonment and imposed the statutory maximum sentence of 240 months. On appeal, Flowers argues that this sentence was substantively unreasonable in light of the factors in 18 U.S.C. § 3553(a). After review, we affirm.

We review the sentence a district court imposes for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable given the totality of the circumstances and the § 3553(a) factors.[1] United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

(11th Cir. 2010) (quotation marks, alteration and emphasis omitted), <u>cert. denied</u>, ___ S. Ct. ___, 79 U.S.L.W. 3522 (U.S. Jun. 6, 2011) (No. 10-1075).

The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the § 3553(a) factors. <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005). Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. <u>United States v. Hunt</u>, 526 F.3d 739, 746 (11th Cir. 2008). Here, Flowers has not shown that his 240-month sentence was substantively unreasonable.[2]

In calculating Flowers's advisory guidelines range of 235 to 293 months, the district court applied, <u>inter alia</u>, a two-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(6), because the offense involved the use of a computer to distribute the child pornography and a five-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the offense involved 600 or more images. Flowers argues that a district court's reliance on these guideline provisions rendered his sentence unreasonable because these provisions do not reflect empirical data and national experience.

---

[2]Flowers does not argue that his sentence was procedurally unreasonable and thus abandons this claim. <u>See</u> <u>United States v. Jernigan</u>, 341 F.3d at 1283 n.8 (11th Cir. 2003).

This Court has previously rejected this argument. See Pugh, 515 F.3d at 1201 n.15. Thus, the fact that the district court applied these § 2G2.2 enhancements to calculate the advisory guidelines range does not render Flowers's sentence unreasonable.

Next, Flowers argues that the government's failure to prosecute his girlfriend, Butler, for her involvement in downloading child pornography created an unwarranted sentencing disparity that promotes disrespect for the law. The district court is required "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, a sentencing disparity is not "unwarranted" if the individuals being compared are not similarly situated. See United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009).

In this case, Flowers and Butler were not similarly situated. Butler was never prosecuted nor convicted of any conduct, and the conduct she is alleged to have engaged in was not similar to Flowers's conduct. The district court specifically considered this fact at the sentencing hearing. The government explained that Butler was not charged because she had only consumed child pornography (fewer than ten images that the government characterized as "post-pubescent . . . on-the-edge child pornography"), and had not distributed it.

4

Flowers, on the other hand, had 6,966 images and 530 videos of child pornography on his computer, depicting sexual conduct with infants and young children, some involving sadistic or masochistic conduct, and Flowers distributed his images and videos via a peer-to-peer file sharing program. Therefore, there was no sentencing disparity between Flowers and Butler, much less an unwarranted one.

While the district court imposed the statutory maximum sentence, that sentence is within the applicable advisory guidelines range and is substantively reasonable in light of the § 3553(a) factors. As the district court stressed, Flowers sought "only the youngest and hardest material." The district court stated that it could not "imagine anything worse" in terms of child pornography than the images Flowers distributed. The district court found that the quantity and quality of the images Flowers distributed were "so shocking to the conscience and so utterly repulsive that . . . if there ever were a case where the maximum allowed by . . . Congress in the sentence were appropriate, it is this case." Under the circumstances, we cannot say the district court's decision to impose the statutory maximum 240-month sentence was an abuse of discretion.

**AFFIRMED.**